IN THE UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE
DEC 14  12 33 PM '01

SELECTIONS & FUNCTIONS, INC.
AND
MOSHE FRANKEL

        Plaintiffs

v.

CINCOM, INC.,
THOMAS M. NIES, OWNER AND CHIEF
EXECUTIVE OFFICER OF CINCOM,
AND
KENNETH L. BYRNE, CORPORATE
SECRETARY OF CINCON, INC.

        Defendants

Civil Action No.

**01  122 02 GAO**



RECEIPT # 35832
AMOUNT $ 150.00
SUMMONS IS'D YES 3
LOCAL
WAIVER
MCF ISS'D
AO 120 OR
BY DPTY CLK  ES
DATE  12/14/01

## COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, DILUTION, FRAUD, AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiffs, Selections & Functions, Inc. (hereinafter Selections & Functions) and Moshe Frankel, exclusive trademark licensee, by their attorney identified below, bring this action against Defendants, Cincom Systems, Corporation (hereinafter CINCOM) and individual defendants Thomas M. Nies, Chief Executive Officer of Cincom and Kenneth L. Byrne, an officer of Cincom.

### THE PARTIES

1. Plaintiff Selections & Functions, Inc. is a Massachusetts corporation



1

organized and existing under the laws of the Commonwealth of Massachusetts with a mailing address of P.O. Box 505, Scituate, MA 02066.

2. Plaintiff Moshe Frankel is a Massachusetts resident and exclusive licensee of Borland International Incorporated for the trademark "FRAMEWORK."

3. Plaintiff Selections & Functions, Incorporated is operated and owned by Moshe Frankel and is used by Moshe Frankel to sell and service the FRAMEWORK software products.

4. Selections & Functions is a beneficiary of the exclusive license granted to Moshe Frankel by Borland International Incorporated.

5. On information and belief, Defendant Corporation is a privately owned corporation organized and existing under the laws of the State of Ohio, with its corporate headquarters located at 55 Merchant Street, Cincinnati, OH 45246.

6. On information and belief, Defendant individual Thomas M. Nies, CEO of CINCOM is a resident of the State of Ohio with his principal place of business being CINCOM's corporate headquarters located at 55 Merchant Street, Cincinnati, OH 45246.

7. On informaton and belief, Defendant indivudual Thomas Nies owns and controls Defendant corporation to the extent that it is his altar ego.

8. In the alternative it is averred that Defendant individual Thomas Nies owns and controls Defendant corporation to the extent that its actions may be imputed to him individually.

9. On informaton and belief, Defendant individual Kenneth L. Byrne is an officer and owner of Defendant Corporation and directs the operations of Defendant

Corporation.

## ALLEGATIONS COMMON TO ALL COUNTS

10. This action arises under federal trademark and unfair competition laws for trademark infringement and Massachusetts laws for unfair trade practices, as a result of Defendants' willful infringement against Plaintiffs' rights in the "FRAMEWORK" trademarks as hereinafter described, and other unlawful activities including fraudulent misrepresentations to the United States Patent and Trademark Office by Defendants in connction with their infringement.

11. This court has jurisdiction under 15 U.S.C. §§ 1120 and 1121, 28 U.S.C. §§ 1331 and 1338, and the doctrine of supplemental jurisdiction. Venue is proper under 28 U.S.C. §§ 1391 (b)(2) and (c).

12. Borland International Inc., the successor in interest to Ashton-Tate, Inc., is the owner of the following registered and incontestable federal trademarks: FRAMEWORK (registration number 1533028), FRAMEWORK (registration number 1342190).

13. Both of the aforementioned federal trademarks have been in continuous use on the same line of products and services since 1984 first by Ashton-Tate, Inc. then by Ashton-Tate's successor in interest Borland International, and then by Borland International's exclusive licensee Moshe Frankel and his company Selections & Functions.

14. Since 1983 the FRAMEWORK trademark has been registered and used for

the FRAMEWORK software products and services and Since 1995 Plaintiff Moshe Frankel has been the exclusive licensee of the "FRAMEWORK" trademarks from Borland International, Inc.

15. Since 1986 Plaintiff and his company Selections & Functions have used the marks extensively in interstate and international commerce on goods and services.

16. The framework product is used world wide by goverments, academic institutions, corporations and individuals. The product is transalted to atleast 12 languges and is used in every countery around the world. Aproximately 1 milion Fraemwork users were using the product at the time Ashton-Tate stopped servicing it and plaintif took over its support and development.

17. Plaintiff, and his company Selections & Functions, Inc., have provided services and support to the public for the FRAMEWORK products in interstate and international commerce and have developed, upgraded, and improved the FRAMEWORK software products, have continues to develop new versions of Framework for new hardware and new versions of Microsoft Windows and are continuing to market the product world wide.

18. There is no issue as to priority of use. Registrations for Plaintiffs' products issued long prior to the first date of use by Cincom and its agents, officers, and owner.

19. The Marks licensed by Plaintiff are in full force and effect. The registrations are incontestable and thus constitute conclusive evidence of the validity of the Marks, licensor's ownership thereof, and its exclusive right to use or license the Marks throughout the United States.

20. Plaintiffs have extensively promoted their goods and services under the

exclusively licensed "FRAMEWORK" trademarks through various types of media and most significantly via the Internet through Plaintiff Moshe Frankel's web site at http://www.framework.com. As a result of such promotion and marketing Plaintiffs' goods and services have continued to acquire good will.

21. Plaintiffs have provided technical support and consulting to numerous customers and clients in conection with their exclusively licensed trademarks and have therefore acquired additional good will, recognition, distinctivness and secondary meaning amoungst their customers for the aforementioned trademarks.

22. On information and belief, Defendants are engaged in the business of selling software and related services in competition with Plaintiffs. Defendants conduct these activities within Massachusetts and over the Internet.

23. Notwithstanding Plaintiff's continuous and exclusive use of and well-known prior rights in his licensed Marks, Defendants have sought to compete unfairly with Plaintiffs by appropriating for use the Marks on and in connectons with goods and services similar to Plaintiff's.

24. Cincom is the owner of several federally registered trademarks for the name "TOTAL FRAMEWORK."

25. Cincom's "TOTAL FRAMEWORK" trademarks were obtained many years after Plaintiff's licensed "FRAMEWORK" trademarks.

26. Kenneth L. Byrne, Thomas M. Nies, and Cincom at all times knew of Plaintiffs' prior and superior rights in the mark "FRAMEWORK" as evidenced by correspondence between the parties and their lawyers.

goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his knowledge are true and all statements made on information and belief are believed to be true."

35. While making the aforementioned declaration Defendants concealed from the United States Trademark Office their actual knowledge that the mark "FRAMEWORK" was being used by Plaintiffs and thereby obtained registrations for the "TOTAL FRAMEWORK" marks through fraudulent misrepresentations to the United States Patent and Trademark Office. In so doing Defendants have willfully violated 15 U.S.C. § 1120.

36. While making the aforementioned declaration Defendants concealed from the United States Patent and Trademark Office the fact that they, through Cincom's General Counsel Alan Hartman, had made a written request to Plaintiffs for permission to use the FRAMEWORK mark and that Plaintiffs had denied said request for permission to Cincom. In so doing Defendants have willfully violated 15 U.S.C. § 1120.

## COUNT IV

### Violation of M.G.L. 93A

### Unfair Trade Practices

37. Plaintiffs incorporate by reference the allegations of Paragraphs 1-36

38. The unauthorized use by Defendants in commerce of Plaintiff's mark on goods and services similiar to Plaintiff Moshe Frankel's, namely software applications and related materials and services, is likely to cause the public to mistakenly believe

8

that Defendants' activities and goods and services originate from, are sponsored by, or are associated with Plaintiffs, constitutes false designations of origin or false descriptions or representations, and is likely to cause the FRAMEWORK marks to lose their significance as indicators of origin. The actions by Defendants are in violation of M.G.L. 93A.

39. Defendants' unauthorized use of the FRAMEWORK marks on goods and services similar to those of Plaintiffs was and is being conducted with full knowledge of Plaintiffs' rights. Thus, Defendants have willfully infringed and are infringing such rights in violation of M.G.L. 93A.

## COUNT V

### Outrageous Conduct

### Intentional Infliction of Emotional Distress

40. Plaintiff, Moshe Frankel, incorporates by reference the allegations of Paragraphs 1-39.

41. Defendants, after unsuccessfully asking Plaintiff to compromise his rights or interests in the "FRAMEWORK" trademarks, threatened Plaintiff with costly litigation should Plaintiffs seek to defend the "FRAMEWORK" marks by in any way objecting to the fraudulently obtained "TOTAL FRAMEWORK" marks. This threat was made in bad faith and caused Plaintiff much emotional distress.

42. Defendants, after unsuccessfully asking Plaintiff to compromise his rights and any related rights of his company or interests in the "FRAMEWORK" trademarks

9

and being informed by the British Trademark Office that a conflict existed between the "FRAMEWORK" mark and the "TOTAL FRAMEWORK" application for a trademark cancelled Plaintiffs' licensed mark in Great Britain through fraudulent misrepresentation to the British Trademark Office thereby causing Plaintiff much emotional distress.

43. Defendants attempted to maintain and enhance their company's "TOTAL FRAMEWORK" trademarks and thereby deny Plaintiff Moshe Frankel rights in his exclusively licensed trademark through methods that were intended to inflict emotional distress, were extreme and outrageous, were beyond all possible bounds of decency, were utterly intolerable in a civilized community, caused Plaintiff Moshe Frankel emotional distress, and the emotional distress suffered was severe and of a nature that no reasonable person could be expected to endure said distress.

43. In the alternative to paragraph 43 it is averred that Defendants attempted to maintain and enhance their company's "TOTAL FRAMEWORK" trademarks and thereby deny Plaintiff Moshe Frankel rights in his exclusively licensed trademark through methods that they knew or should have known would inflict emotional distress, were extreme and outrageous, were beyond all possible bounds of decency, were utterly intolerable in a civilized community, caused Plaintiff Moshe Frankel emotional distress, and the emotional distress suffered was severe and of a nature that no reasonable person could be expected to endure said distress.

source or origin, or otherwise facilitates Defendants' unfair competition with Plaintiff.

H. That Defendants notify all third-party search engine operators of this order and request that such operators take measures to insure that there is no longer any association between any of Plaintiffs' licensed marks and any Web site operated by the Defendants.

I. That Defendants be directed to file with this court and serve on Plaintiffs withn thirty (30) days after the service of an injunction, a written report under oath setting forth in detail the manner and form in which Defendants have complied with said injunction.

J. That all of Defendant Cincom's trademarks bearing the words "TOTAL FRAMEWORK" be cancelled.

K. That Plaintiffs be granted such further relief as the Court may deem appropriate.

### JURY DEMAND

Plaintiffs hereby request a trial by jury.

Respectfully submitted,

*Steve Petrov*
Steve Petrov
Attorney for Plaintiffs

Massachusetts BBO 646550
425 Wyandotte Street
Bethlehem, PA 18015
(610) 691-6308

12